The Court of Business reports the Honorable United States Court of Appeals to the 4th Circuit are admonished to drawing on. With their attention to the court's non-sitting, I thank the United States and this Honorable Court. Be seated. While I'm the only judge here, we have two other judges on board, and Judge Wilkinson and Judge H.E. are here by Zoom, and Judge Wilkinson will preside as a justice. Let's proceed. Mr. Farmer, when you're ready, we'll move on. We'll hear United Financial Casualty v. Ball. Thank you much, Your Honor. Good morning, and may it please the Court. I'm Steve Farmer, and I appear before this panel again, this Court again, on behalf of Greg Ball, this time on appeal from the District Court's order of March 31, 2020, holding that the employer liability exclusion, which this Court previously considered as an unenforceable and inoperable, is in fact enforceable above the state minimum of $25,000. This is error. We appeal this order, and we ask this Court to reverse this order for two reasons. The first is this Court's opinion of October 30, 2019, which held the opposite. This Court at that time held, and I quote, in the state to provide liability coverage to individuals using an insured vehicle with the owner's consent, except when that injured person can claim workers' compensation in connection with the accident which the employer is liable. That is the so-called West Virginia omnibus statute, which has been ruled by this Court to extend coverage in this case and to exclude the exclusion. By stating further, such limitation of coverage for a permissive user of an insured vehicle contravenes West Virginia Code 33631A and thus renders the exclusion unenforceable. So this Court has ruled... Counsel, let me ask you, when we had the case before, was the issue of the statutory minimum coverage that the district court focused its opinion on, was that before us, and what's the consequence if it was not? Well, it was before you in the Senate. It was not raised specifically by any party. However, we would argue and state that under West Virginia law, this omnibus provision, the exclusion in question is either enforceable or not enforceable. It's not a little bit enforceable above the minimum... I think the unanswered question, and I'm not sure it's fruitful for you to address it on this basis, but the unaddressed point in our last opinion was the level of coverage. And the argument here is that the level of coverage is the minimum, $25,000 stated in 17D, or the policy limit of $1 million stated by the policy language. And it seems to me that that raises a whole new analysis. And I think the question of whether we addressed it is clearly we didn't talk about the level of coverage. And the best you could do is to infer something, but I think you would still be missing gaps. I think the district judge tried to figure it out, and I think it seemed to me the judge wasn't unreasonable in concluding that we didn't address it. We address it here now. Which raises our second reason that it should be reversed, and that is the judge's ruling is violative of West Virginia law. West Virginia law sets forth that the omnibus provision, any exclusion that violates the omnibus provision is unenforceable, null and void, and of no effect. I understand that, but that's a pretty general prescription. Why isn't the more pertinent provision of West Virginia law that which sets the amount of required bodily injury coverage at $25,000? Why isn't that our guidepost? The guidepost should be the fact that they sold liability insurance in the amount of $1 million, took it a premium on that amount, and are now relying on an exclusion that is void in order to cut that down to $25,000. Well, didn't the exclusion save you a good bit of money in terms of the premium? There's no evidence of that at all. There's no evidence that it was taken into account in underwriting, and as a matter of fact, they could charge the premium and have been paid by the premium. That's what the evidence is. They've received the premium, and our court has only permitted an exclusion to have an effect over the statutory minimums in two circumstances. That is number one, when the exclusion was permitted by statute, and number two, when public policy of West Virginia would support the exclusion. Well, I don't understand this bit about the public policy of West Virginia, because that's part of my concern is that the West Virginia statute, which is on point, would obviously control. And in the absence of statutory control, the policy controls, and the specific terms of the policy would seem to me to control some general notion of policy that we would add to the contract that isn't there. That's my problem is your argument is essentially that you want the exclusion not to apply above the required bodily injury coverage based upon public policy. And I don't think we have the authority to do that, and I don't think the West Virginia courts, they may have the authority, but I don't think they would do it. They've done it in this instance on more than one occasion, Your Honor. When you consider the omnibus clause, not other clauses that are relied upon by the lower court, but particularly if we look at the Gibson case and the Jenkins case in West Virginia, they've done just that. Why don't you start out with the statute? The statute seems to help you. Section 33 talks about exclusion of the policy, but then allows for the limits of the policy contractually provided. And Gibson said just that, that if you knock out the exclusion under 33, then the liability is up to policy limits. And the only role played by Section 17 is to identify a minimum if there is no first-person coverage, but it does not limit it to 25,000. That's your argument, isn't it? That's it. Well, why don't you make it? Well, as your court just said, in Gibson, any additional provision in a motor vehicle insurance policy which tends to limit, reduce, or nullify that statutorily mandated liability coverage is void and ineffective and against public policy. I know, but that's not your argument. Your argument is that whether the policy in effect here provides in its insuring statements up to a million dollars per accident. That's exactly right. All right. Now, that is not altered. That portion of the policy is not altered. All the thing that's altered is the exclusion with respect to the workers' comp business. You're doing better than me, Your Honor. Well, I know. And Gibson addressed that, and it's used the word up to the policy's limits. Up to the policy limits. So, all we're doing here is they tend to take an exclusion to eliminate coverage that they sold. And this court has said, and our court in West Virginia has said you can't do that because the owner was caught. If you take the exclusion out, the policy is in place. The policy sold $1 million of liability coverage that is not excluded by this exclusion. That's the case. You said it better than I did, Your Honor, and Jenkins agrees. Counsel, it appears that there are a number of West Virginia cases that deal with this general question of where does the statutory minimum coverage apply when there's an exclusion and it confronts this omnibus clause. And it seems like in my reading of them that you could find cases on both sides to make the point. And it is a question of West Virginia law. There is no case that apparently is directly on point. Why wouldn't we just certify the question to the West Virginia Supreme Court of Appeals and they can tell us what the West Virginia law is? That would be case determinative here, wouldn't it? Very likely it would be, and that question was asked the last time we were here because you all are used to dealing with more important federal questions than state declaratory judgment actions. But I would make this comment to Your Honor, that if you look at the cases that, and this is a true statement, if you look at the cases that apply the exclusion above the minimum limits, each one is based on facts and circumstances that are either supported by statutory law, like enforcement of a specifically excluded driver provision that is permitted, that's not the case here, or enforcement or acknowledgement of a public policy such as denying coverage for intentional acts because it's against public policy for intentional acts. Here you have a statutory scheme that says if you have an exclusion, it's of no effect, and the policy applies to Judge Niemeyer's point, and the public policy in West Virginia. If you keep focusing on the public policy and the fact that the exclusion is void, we've already held your right on that. The question is the level of coverage, and the statute on its face says that the coverage remains under the policy. This is 31 subsection A, and Gibson held the identical thing, that when you knock out the exclusion, then the coverage is up to what the policy provides. It's just on its face. I don't know why you've made it so complex. I'm sorry. I was attempting to explain the other question, which was there are other opinions. There are no other opinions. Go the other way. The other opinion is Jones, and that's talking about a totally different circumstance. That's an allowable exclusion. I'm sorry, Your Honor. All I was saying was the cases that go the other way all go the other way because those cases are supported. They're different. They're supported either by statute or by public policy. I agree with you 100%. None of that applies here. I don't think there is a case that goes the other way because if there is, then we ought to certify it. But where I was unable to find a single case that goes the other way. Now, you tell me which case you're talking about. The cases relied on by the level of- One case. Which case relies on that's contrary to Gibson? None. Well, then why do you keep saying the other case is going the other way? I say the cases that have been cited where the West Virginia Supreme Court has enforced an exclusion above the minimums, which they have done, have no effect here because they were done in cases where public policy and statutory went the other way. Here, I agree with you, and I would agree with Gibson. It's clear when an omnibus bus case and the exclusion is held like this one, the policy applies, and it's in full effect. The section, the statute says expressly that with respect to excluded by restrictive endorsement attached to the policy responsible for using the automobile with the consent of the express implied of the named insured against liability for death, bodily injury sustained or loss or damage. I mean, this is really a mouthful. Occasioned within the coverage of the policy. And they basically are saying you have to provide first party coverage, permissive use coverage, permissive use coverage within the scope of the policy. Exactly. And then Gibson says the same thing. If you have it, it uses a language, quote, up to the policy's limits. Exactly. Now, that's this case. And that's what I agree with you. We're just talking about the level of coverage. We're not talking about whether we properly excluded it or not in this case. And what all I was saying in response to your question was the cases cited by the lower court do not apply because, yes, they excluded coverage above the minimums, but entirely different circumstances, not implicating the omnibus case. Thank you. Thank you, counsel. And you have some rebuttal time. Thank you. Snowden, let's hear from you. Thank you, Your Honor. May it please the court. My name is Susan Snowden and I'm representing United Financial today. I want to jump directly to the issue of Gibson and Jenkins. And first of all, I beg to differ. They are not the same as the instant case. The case here today involves your typical auto insurance liability policy. Gibson and Jenkins all dealt with municipal policies that can be, under West Virginia law, specifically tailored and crafted to save municipalities money. And in Gibson, specifically under Headnote 8 and 9, the court in that case said, in the typical motor vehicle insurance policy, it would violate 33631 to include a defense within limits provision that erodes, exhausts, wastes, and cannibalizes the death policy, bodily injury, loss, or damage liability coverage of the policy. It would violate the intent of the legislature to reduce or nullify a vehicle owner's liability coverage by charging insurance claims management expenses, and this is the important part, against that statutorily required liability coverage. In the instant case, our liability coverage, as set forth by the West Virginia legislature statutorily, is $25,000 for this particular policy. That's the minimum amount you have to exclude if you have not included it. Absolutely. But in this case, the policy provides a million dollars coverage, and you've gone way above the minimum, and what we knocked out is the exclusion. We didn't knock out the coverage. And Gibson addresses that, as does the statute on its face in Section A. But under West Virginia substantive law. I'm giving you substantive law. I'm quoting West Virginia statutory law, and Gibson, which includes that particular statute. And Gibson says that the coverage, when you knock out the exclusion, the coverage is up to the policy limits. Gibson and Jenkins are unique in that they involve uninsured and municipality law. That is a totally different animal than the automobile liability coverage at play in the typical auto coverage, which we're talking about here today. And under Adkins v. Meder, when the language of an insurance policy is contrary to statute and therefore void, the policy should be construed to contain the coverage required by West Virginia law. This court acknowledged that itself in the opinion which the judge below relied upon in Nationwide Mutual Insurance Company v. Continental, which cited the Supreme Court of Appeals decisions in Jones, Dotz, and Burr. When West Virginia has found that an attempt to exclude or restrict coverage violated state law, it has voided the restriction or exclusion only up to the level of minimum coverage. It has permitted it to operate above the minimum. If it were not so, then the premiums charged... That was an allowable exclusion. That is an allowable exclusion. The policy, Section 33, does not allow the exclusion in any circumstance and knocks it out and says the policy limits apply. Contractual limits. No, Your Honor, in Jones v. Motorist Mutual... Why don't you read the statute first? Let's start with the statute. These cases apply to other circumstances and the statutory language talks about it explicitly. Statutory language does not specifically exclude the workers' compensation or employers' liability policy exclusions. In all the cases that West Virginia has argued, and I know Jenkins because unfortunately I was in that case, that dealt with municipalities and the exclusions. Gibson, the minimum financial responsibility was the contracted for amount of the policy. It was a million dollars across the board. In Jenkins, the issue was whether or not governmental immunity would apply. When it did apply, then the issue was, is that a creation of an uninsured event? In all the cases that you cite, and in all the cases we cited in our brief and the district court below relied upon, they followed the analysis of West Virginia's Supreme Court as well as the Fourth Circuit's analysis in Nationwide Continental, which is if a policy provision is void, it is only void as to what the state would require by statute. And our financial responsibility law is clear. In this case, that is $25,000. And all the other cases, Jones, Dotz, Ingram v. Yarborough, Deal v. Sweeney, none of those have any statute that says we don't allow these types of exclusions. They all dealt with policy exclusions that a court found to be void, but only as to the amount of coverage in question, which was between the $25,000 required by law and the amount contracted for by the policyholder. You know, if we knock out exclusions above required limits, that would be a pretty big step, wouldn't it? It would. It would be a complete departure from West Virginia's substantive law case as it deals, Your Honor, with auto liability policies. That's what I'm thinking. I mean, to me, it seems to be a pretty important question here, whether exclusions are still viable above statutorily required limits. And I thought Judge Agee made a good point about the fact that you do have cases going both ways on this, because you can take the relevant point of statutory law to be the required bodily injury limit at $25,000, and then you have to ask, you know, what role does that play? Does that set a limit on the exclusion or not? But what I'm saying is, what would you think about Judge Agee's suggestion that we serve to West Virginia, given the fact that it's a fairly consequential issue? It is very consequential, and if the court were to do so, I feel pretty confident that I know what the answer from our Supreme Court would be, and that would be this. In a situation where they find that a specific policy provision is void, then the policy is reformed as to that which is required under West Virginia law, which would be $25,000 in this particular case. And in the contracted-for amount, the policyholder bought exactly what they thought they were getting. They just can't be denied as to a third-party protection up to that which an insurance company is required to reform to, which is what was done in this case. We went back and reformed the policy. The question then became, between Mr. Farmer and myself, how much is that worth? I would also note that the only other case that the other side relies upon is Cameco Hess, which is a professional liability policy for accountants. Again, a totally different type of policy of insurance than what we have at issue here. Let me ask you, under the current policy we have before us, if the homeowner here drove the vehicle, and instead of injuring an employee of the contractor, injured a pedestrian walking on the sidewalk in front of his house, what would the coverage be? Level of coverage. At first blush, the contracted-for amount. It would be a permissive user. $1 million, right? It would be a permissive user without any other type of policy provision. In this particular case. Just a minute, just a minute. Let me follow up. So the permissive use in the policy as written covers $1 million, so long as the policy excludes an employee when the employee is injured. The policy provision at issue in this case. Has an exclusion. Has an exclusion. So it does not cover permissive use when it injures an employee of the contractor. That's with the policy language. Correct, because there are other policies. I'm not asking because. I just want to take you through the syllogism. So we knocked out that exclusion. And we have put basically the employee's claim on par with the pedestrian's claim. The pedestrian, you agreed, has a claim up to $1 million under the policy. Employee, now you would say, has a claim only to $25,000. Because he's an employee. Yet we knocked that out. It would be a very peculiar result, it seems to me. When West Virginia says a permissive user has to be a permissive user, whether it's a pedestrian or an employee of the contractor. And we knocked out the employer exclusion. And so now we would be treating that employer, that employee, the same as we'd treat the pedestrian. Because that's required by Section 33-6-31A. And to get back to Judge Wilkinson's point, this would set the law on its head in West Virginia. Because if you void this, and instead of reforming to that which this legislature says is required in an auto policy, which is $25,000, then you would be voiding workers' comp exclusion. And premiums would be recalculated. And because an employer in our state would then have to pay a higher premium, no doubt, because they would have two policies that would cover their insurance, their employee. One of the things that concerns me here is that there must be a great many policies where the exclusion is for far more than the required bodily injury coverage. And it's a quintessential question of state law. Not only does the nature of it a quintessential question of state law, but the practical consequences in West Virginia are pretty substantial. If we say we knock out the exclusion altogether, even above required bodily injury limits, that's not only a question of state law, it's the practical dimensions of the question. There must be a lot of insurance policies that were proceeding under the idea that the exclusion was still in effect above the required bodily limits. And they set premiums based on that assumption. And maybe it's a wrong assumption. I don't know. But it seems to me that you make a colorable argument that it's a valid assumption. And it is worried about turning West Virginia insurance law inside out. The difficulty then would be if you follow Judge Niemeyer's conclusion, every employee would have double coverage. They would have workers' compensation and the employer's insurance policy for  And that's never been the case. It's always been the case when a third person causes the injury, not the employer. When somebody has an injury on the job that's caused by an independent contractor coming on the property, he has a workers' comp claim against his employer, and he has a negligence claim against the third party. The issue becomes when it is the employer's auto policy that is reformed to provide the coverage. This particular exclusion, and again, the court below never issued a ruling on this exclusion. This court did. And the exclusion says it's whether the insured may be liable as an employer or in any other capacity. That applies even then, I believe, to the permissive user. And in this particular case, how would an insurance carrier ever calculate a million dollars coverage for an exclusion that this court then says is void? When you underwrote it, the statute was there the whole time. When you underwrite in West Virginia, you have to provide permissive use coverage. And if you didn't figure that in, you tried to exclude it in the policy. But as we held in our earlier opinion, that exclusion was prohibited under West Virginia law. And as this court has held in prior opinions, once the public policy concerns at the heart of the omnibus clause and the minimum financial responsibility limits are satisfied, the exclusion can be valid and enforceable. And that's exactly what this court has previously done under the same types of circumstances. Again, the only cases cited by the other side are not auto liability insurance policies. They are professional liability policies. They are policies specifically crafted by cities so that they can afford insurance coverage. They aren't Joe Blow contractor contracting for a policy of insurance. And so what we're asking is- Counsel, let me ask you one other question here. There's an important question on our court about whether we're following our own precedent. And I want- the question is raised as to whether that earlier precedent knocked out the exclusion altogether up to the policy limits, or whether our earlier case knocked out the exclusion only up to $25,000 and that it was operable on amounts above that. Given the fact that, you know, following the law of the case is very important, what language do you point to in the prior opinion that would indicate we knocked out the exclusion only to the amount of $25,000 rather than doing away with it altogether and allowing the policy limits as a measure of recovery? Just what language do you point to that would give us the assurance that the prior holding was limited in the way that you suggest? Because I think it's important to follow the law of the case. Yes, Your Honor. And in this particular circumstance, this court specifically says, because we conclude that United Financial may not deny liability coverage to PERI by reason of either the worker's compensation exclusion or the employee identification and employer's liability exclusion, we vacate the district court's judgment and remand for further proceedings as to any unresolved issues. And then if one looks at this court's opinions in United States v. Harvey from 2010, although the doctrine of law of the case applies both to questions actually decided as well as to those decided by necessary implication, it does not reach questions which might have been decided but were not. Let me put the phrase that you repeated about unresolved issues. What gives you confidence that unresolved issues included the one to which I just alluded, which is that the exclusion might be knocked out only up to $25,000? Well, because as we all agree on both sides here, though one addressed $25,000 because in the original decision from the district court, the only exclusion upon which that court relied below was worker's compensation. Upon appeal to this court, this court also considered, particularly Judge Niemeyer, the employee's exclusion. However, never was there a discussion about what is the impact once a court says that an exclusion is void. And under West Virginia law, the court below agreed with our position, which I can tell you I've argued numerous times in state court and before the Supreme Court. There is a void policy of insurance or exclusion in a policy of insurance. It only requires that the minimum financial responsibility be met, which is why we are asking that this court, under Fourth Circuit precedence, nationwide versus continental being one, that once the public policy concerns at the heart of the omnibus clause and the minimum financial responsibility limits are satisfied, that this court find that exclusions may be enforced, even though found void may be enforced above the limits required by a state's minimum financial responsibility. Counsel, let me before your time runs. In the initial district court decision that came up on the prior appeal, did the district, refresh my memory, did the district court rule at all on the employee exclusion? No, Your Honor. He specifically said, I'm not going to address this. Once I found that it was a worker's compensation matter, I'm not addressing the employer's liability. Never was addressed. All right. Thank you. All right. Thank you very much. Thank you. All right. Mr. Farmer, you have some rebuttal time. We'd be pleased to hear from you. Thank you. The omnibus statute in West Virginia has, from its inception, been ruled over and over consistently by the West Virginia court to be a statute that is remedial in nature and should be liberally construed to find coverage, not to eliminate coverage. That is a principle that is completely ignored by my opponent's position. Secondly. Well, let me ask you this. What effect do you give the required bodily injury amount of $25,000? Does that not speak to exclusions at all? Does that just mean a minimum amount that must be provided and that it has no impact on exclusions? That's exactly what that is, the state minimum. If you are going to sell a policy, it must be a state minimum. Okay, I understand. So your view is that the required bodily coverage provision doesn't speak to exclusions in any way, shape, or form. It just says you've got to provide this much if you issue a policy? Well, in this instance, exactly. Because the omnibus statute sets forth two things here. Number one, that you cannot exclude coverage for permissive users. And number two, our court has said that that statute needs to be construed liberally to find coverage, which would, in this case, you've got a choice between a million dollars in coverage for which a premium was paid and $25,000 in coverage. I'm not sure why the required bodily coverage, you say, well that's required in order for a policy to issue. You have to provide at least that much coverage. But I'm not sure why it doesn't say, well, above that coverage, it's up to the terms of the policy or that required bodily coverage sets a minimum of what must be provided. And the insurance company is left free when it drafts a policy to provide an exclusion above that amount. Why wouldn't that be an interpretation of this that's equally plausible or equally feasible to yours? The required bodily coverage at $25,000 leaves the insurer free to set sort of a freedom of contract argument, I guess, in some part. But it also allows the insurance company and the purchaser of insurance to calibrate an exclusion and the ability of an exclusion to knock down premiums or to keep premiums at a reasonable level. So isn't it plausible that that statute leaves an option on the part of the contracted parties to enact an exclusion that in turn limits the amount that an insurer would likely to charge an insured in terms of a premium? I mean, it seems to me your view of it ties the hands of the contracting parties to a considerable extent. Your Honor, there are specific statutory provisions in West Virginia that would permit under certain occasions for you to do exactly what you propose. Here the omnibus statute in West Virginia says exactly the opposite. It says you cannot do that in an instance to try to exclude coverage for permissive use and further that if you do that and that provision is void, that exclusion is void, then that statute says that the policy will be in effect to the coverage amount that was set forth in the policy. So the answer to your question is there are instances in West Virginia where the legislature has said, yeah, you can do that. You can exclude a specific driver. I got a bonehead kid that I don't want to drive my car. Our statute, I'm out of time, but if I can finish my thought. We have a statute that says you can exclude that because I don't want you to have to pay for the bonehead kid if you're not going to let the bonehead kid use it. But this statutory scheme says you cannot do that with permissive users. And if you do do that with permissive users and there's an exclusion that is null and void and unenforceable as ruled upon by this court in this case, then the effect of that is going to be that you will have insurance on the contracted amount. And in this case, that's $1 million. All right. Thank you very much. Thank you all. Thank you for your time.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, G. Steven Agee